IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN VALUES PROJECT,<br>704C East 13th Street<br>Suite 568<br>Whitefish, MT 59937,<br><br>    *Plaintiff*,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240<br>    *Defendant*. | Case No. |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. On July 26, 2017, Department of the Interior ("DOI" or the "Agency") Secretary Ryan Zinke warned the two Senators from Alaska, Lisa Murkowski and Dan Sullivan, that votes against repealing the Affordable Care Act ("ACA") would have negative consequences on a number of unrelated priorities for the two Senators, including infrastructure and energy issues and nominations of Alaskans to posts in DOI.  On July 27, 2017, Plaintiff Western Values Project submitted a targeted request under the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"), so that it could understand and inform the public about these communications.  The deadline for DOI to respond has now passed without any substantive response.

2. The ACA, the issues that Secretary Zinke connected to the repeal vote, and the possibility that executive officials attempted to improperly influence U.S. Senators are all matters of significant public importance.  DOI's failure to respond to Plaintiff's request violates FOIA and deprives the public of the transparency to which they are entitled.  Accordingly,

1

Plaintiff seeks injunctive relief compelling DOI to immediately and fully comply with Plaintiff's request under FOIA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff Western Values Project is a not-for-profit public interest organization that gives a voice to Western values in the national conversation about energy development and public lands conservation. Plaintiff uses the information it gathers and its analysis of that information to educate the public through reports, press releases, and other media. Plaintiff also makes the material it gathers available on its public website.

6. Defendant DOI is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of records to which plaintiff seeks access. On information and belief, those records are located in Washington, D.C.

## FACTUAL ALLEGATIONS

<u>Relevant Issues in the Development of Public Lands in Alaska</u>

7. DOI is responsible for managing federally owned lands, including the use of federally owned lands for energy resource management.

8. DOI's responsibilities include management of the Arctic National Wildlife Refuge ("ANWR") and National Petroleum Reserve—Alaska ("NPR-A"), two areas of federally owned land in Alaska with substantial petroleum reserves. Energy development and other use of

these lands are of critical interest to countless Alaskans, as well as to Plaintiff. Alaska's two Senators, Lisa Murkowski and Dan Sullivan, have indicated that they also view them as key policy priorities.

9. On May 25, 2017, CNN reported that expanded use of oil and gas leases to drill for petroleum in ANWR was a priority in President Trump's budget. Six days later, Secretary Zinke signed an order calling for an updated assessment of crude oil and natural gas reserves in ANWR, and for review of a management plan approved by President Barack Obama that restricted drilling in part of NPR-A.

10. DOI is also responsible for managing the Izembek Wildlife Refuge ("Izembek"), a wildlife refuge protected by a DOI subagency, the United States Fish and Wildlife Service.

11. Over the past several years, there has been public debate and consideration of building a road through Izembek from King Cove to Cold Bay. While DOI rejected proposals to construct the road during the prior presidential administration in 2013, *The Washington Times* reported on April 13, 2017 that the Interior Department was reopening the issue and reconsidering its prior position.

<u>Health Care Legislation and Secretary Zinke's Threats</u>

12. Throughout 2017, there has been fierce public and congressional debate over various proposals to amend, repeal, or replace the Affordable Care Act. One such effort, the American Health Care Act of 2017 ("AHCA"), passed the House of Representatives on May 4, 2017. An amended version, entitled the Better Care Reconciliation Act of 2017 ("BCRA"), was released by Senate Republicans on June 22, 2017.

13. On July 25, 2017, the Senate voted to advance BCRA to the floor on a 50-50 vote, with a tie broken by Vice President Mike Pence. Senator Murkowski was one of just two Republicans to vote against that motion to proceed.

14. Early the next day, President Trump attacked Senator Murkowski for her vote, tweeting "Senator @lisamurkowski of the Great State of Alaska really let the Republicans, and our country, down yesterday. Too bad!"

15. Later that day, Secretary Zinke called both Senator Murkowski and Senator Sullivan and informed each that Senator Murkowski's vote had "put Alaska's future with the administration in jeopardy," according to the *Alaska Dispatch News*.

16. While the exact content of Secretary Zinke's threats is unknown, Senator Sullivan described it as a "troubling message" and said that it led him to "fear that the strong economic growth, pro-energy, pro-mining, pro-jobs and personnel from Alaska who are part of those policies are going to stop." Senator Sullivan connected the threat to "the policies that Secretary Zinke and the president have been talking about with regard to our economy," and said that "the message was pretty clear." He also told the *Alaska Dispatch News* that "the Interior secretary was clear that his message was in response to the no vote Murkowski cast . . . on the motion to proceed with debate on the House-passed health care legislation."

17. On information and belief, the "policies" Senator Sullivan was referring to include drilling in ANWR and NPR-A, the road through Izembek, and nominations of Alaskans to positions within the DOI. The *Alaska Dispatch News* described each as "[e]fforts and issues on the line."

18. On August 3, 2017, DOI Deputy Inspector General Mary Kendall acknowledged that the Office of the Inspector General ("OIG") had opened an investigation into Secretary

Zinke's conduct. However, Senators Murkowski and Sullivan declined to provide statements or be interviewed by OIG, leading Deputy Inspector General Kendall to conclude on August 30, 2017 that her office "could [not] meaningfully investigate the matter further."

### Plaintiff's FOIA Request

19. To understand and explain to the public the scope and nature of Secretary Zinke's threats, and to analyze the effect on future decisions regarding development in ANWR, NPR-A, and Izembek, Plaintiff filed a FOIA request with DOI.

20. Plaintiff's FOIA request was submitted by electronic mail on July 27, 2017 and requested the following:

- All records related to calls between Secretary Zinke and Senators Murkowski and Sullivan between July 24 and July 26, 2017.

- All records related to calls between Secretary Zinke and Senators Collins, Heller, Lee, and McCain since July 1, 2017.

- All correspondence sent or received by any individual listed on Appendix A since and including July 1, 2017, which contains any of the following key words: Collins, Murkowski, Sullivan, Heller, Alaska, Maine, Nevada, healthcare, health care.

21. Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

22. Aside from a pro forma acknowledgement of receipt sent on July 28, 2017, DOI never responded to Plaintiff's FOIA request.

23. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOI was required to determine whether to comply with the FOIA request within twenty business days of receipt of the request and to notify

plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

24. In DOI's acknowledgment, it stated that it received the request on July 27, 2017. Accordingly, DOI's determination regarding Plaintiff's FOIA request was due no later than August 24, 2017.

25. As of the date of this complaint, DOI has failed to: (1) determine whether to comply with the FOIA request, (2) notify plaintiff of any such determination of the reasons therefor, (3) advise plaintiff of the right to appeal any adverse determination, or (4) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

26. Because DOI has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) or extend the time limit by written notice as set forth in 5 U.S.C. § 552(a)(6)(B)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

27. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. By failing to respond to plaintiff's request within the statutorily mandated twenty days, DOI has violated its duties under 5 U.S.C.§ 552, including but not limited the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and not to withhold responsive records.

WHEREFORE, Plaintiff prays that this Court:

1. order DOI to conduct a search for any and all responsive records to Plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2. order DOI to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin DOI from continuing to withhold any and all non-exempt responsive records;

4. order DOI to grant Plaintiff's request for a fee waiver;

5. award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. grant any other relief this Court deems appropriate.

Dated: August 31, 2017                             Respectfully submitted,

                                                   /s/ *Jeffrey B. Dubner*
                                                   Jeffrey B. Dubner (D.C. Bar No. 1013399)
                                                   Javier M. Guzman (D.C. Bar No. 462679)
                                                   Democracy Forward Foundation
                                                   P.O. Box 34553
                                                   Washington, DC 20043
                                                   (202) 448-9090
                                                   jdubner@democracyforward.org
                                                   jguzman@democracyforward.org